# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | **:** Chapter 11 |
| | **:** |
| **Creekside Associates, Ltd.,** | **:** Case No. 14-19952 (SR) |
| | **:** |
| Debtor. | **:** |

## DISCLOSURE STATEMENT FOR PROPOSED PLAN OF REORGANIZATION OF CREEKSIDE ASSOCIATES, LTD.

**Dated: May 4, 2015**

**As Proposed by the Debtor**

Dilworth Paxson LLP
Lawrence G. McMichael
Jennifer L. Maleski
Jesse N. Silverman
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
(215) 575-7000
(215) 575-7200 (fax)

Attorneys for the Debtor

118154547_2

This DISCLOSURE STATEMENT is being submitted for approval in advance of a Plan of Reorganization (the "Plan") for Creekside Associates, Ltd. (the "Debtor", "Creekside", or the "Reorganized Debtor"), pursuant to 11 U.S.C. § 1125. The Plan, which will be filed on or before May 15, 2015, will leave all classes of creditors and interests unimpaired except for the Debtor's secured lender, Creekside JV Owner, LP (the "Lender"). The Debtor and the Lender executed a Term Sheet on April 29, 2015 (the "Term Sheet") that provides for a settlement of disputes between them and the terms under which the Lender will support the Plan. The Lender is the only class of creditors entitled to vote on the Plan. The Lender has approved this Disclosure Statement as containing adequate information for its purposes.

## I.     IDENTITY OF DEBTOR

The Debtor is a Florida limited partnership which is the owner and operator of the property known as Creekside Apartments, a 1000+ unit apartment complex located at 2500 Knights Road, Bensalem, Pennsylvania (the "Property"). On December 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief with the Court under Chapter 11 of title 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has at all times continued operating its business and managing its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

## II.    SUMMARY OF PROPOSED PLAN

The Plan is summarized in the Term Sheet, a true and correct copy of which is attached hereto as Exhibit A. To the extent the description provided in this Disclosure Statement is inconsistent with that set forth in the Term Sheet, the Term Sheet shall govern.

## III.   OWNERSHIP OF REORGANIZED DEBTOR

The ownership and management of the Reorganized Debtor on the Effective Date of the Plan shall remain unchanged from the ownership and management of the Debtor on the Petition Date.

## IV.    CONFIRMATION HEARING

The Bankruptcy Court has scheduled a hearing on confirmation of the Plan to commence on June 10, 2015, at 10:00 a.m. or as soon thereafter as the parties can be heard. The confirmation hearing will be held in Courtroom No. 4, 2nd Floor, United States Bankruptcy Court, 900 Market Street, Philadelphia, Pennsylvania. At that hearing, the Bankruptcy Court will consider whether the Plan satisfies the various requirements of the Bankruptcy Code, including whether it is feasible and in the best interests of holders of claims and interests.

## V.     FEASIBILITY OF THE PLAN

11 U.S.C. § 1129(a)(11) provides that that Bankruptcy Court shall not confirm a plan of reorganization unless the plan is feasible; that is, that its confirmation is not likely to be followed by liquidation or the need for further financial reorganization. The Plan is to be substantially

118154547_2

consummated on the Effective Date. The claim of the Lender will be satisfied in full, either through (a) payment to the Lender or its nominee, the sum of $70,500,000.00, in cash, or (b) transfer to the Lender, or its nominee, all of the Debtor's right, title and interest in the Property, including: (A) the Property; (B) any leases or tenancies in the Property; (C) assumed executory contracts and unexpired leases; (D) fixtures relating to the Property; (E) equipment relating to the Property; and (F) rents paid on or after the Effective Date and tenant accounts receivable as of the Effective Date arising from the ordinary operation of the Property that have accrued within 30 days prior to the Effective Date (excluding any loans payable to the Debtor, refunds of deposits, overpayments to vendors, or causes of action, including but not limited to the Debtor's claims against the BCSWA and pending claims against the Debtor's property insurer). The Debtor has access to sufficient cash to satisfy all other allowed claims in full on the Effective Date. Accordingly, the Debtor has concluded that the Plan satisfies the requirement of 11 U.S.C. § 1129(a)(11).

## VI.  LIQUIDATION ANALYSIS

The Debtor has considered whether creditors and interest holders would receive more upon liquidation of the Debtor's estate under Chapter 7 than under the Plan. Because all creditors are receiving the full amount of their allowed claims in cash, or else, in the case of the Lender, receiving the Property as set forth in the Term Sheet, all creditors are receiving no less than what they would receive under Chapter 7. The Debtor has concluded that a liquidation of the estate would yield less funds for the payment of all creditors, including the Lender, than such claimants would realize under the Plan.

## VII.  TAX CONSEQUENCES OF PLAN

To the best of the Debtor's knowledge, there are no tax consequences to the Debtor of the Plan under any applicable law, because of the Debtor's status as a limited partnership. In the event the Property is transferred to the Lender, this transfer will be exempt from state and local taxation under 11 U.S.C. § 1146. Creditors are urged to consult their tax advisors as to all other consequences of the Plan.

## VIII.  RECOVERY OF PREFERENCES

Section 547 of the Bankruptcy Code allows the Debtor to recover payments to creditors in satisfaction of certain types of debts if the payments were made while insolvent and within 90 days of the filing of the bankruptcy petition or within one year in the case of insiders. The Debtor reserves all rights to pursue avoidance actions (except against the Lender).

## IX.  JURISDICTION OF THE BANKRUPTCY COURT

Under the Plan, the Bankruptcy Court retains jurisdiction after the Effective Date to (1) classify, re-examine, and determine objections to claims; (2) determine all questions, disputes, causes of action, or controversies regarding or involving either the Debtor or assets of the Debtor's estate and arising either prior to the Effective Date, whether or not subject to action pending at confirmation, or subsequent to the Effective Date; (3) determine matters as contemplated under Section 1142 of the Bankruptcy Code or with respect to the discharge of the

Debtor under the Plan; (4) correct, modify or interpret the Plan; (5) enter orders to facilitate consummation of the Plan, to enable the Effective Date to occur, to enforce or to limit the title, rights, and powers of the Debtor or claimants, or to close the bankruptcy case or any other order; and (6) reconsider or vacate the order of confirmation if consummation of the Plan on the Effective Date is rendered impossible.

                                        DILWORTH PAXSON LLP

                                        /s/ Jennifer L. Maleski
                                        Lawrence G. McMichael
                                        Jennifer L. Maleski
                                        1500 Market Street, Suite 3500E
                                        Philadelphia, PA  19102
                                        (215) 575-7000
                                        (215) 575-7200 (fax)

                                        Attorneys for Debtor-in-Possession

Dated:  May 4, 2015

118154547_2

**EXHIBIT A**
**[TERM SHEET]**

118154547_2

# TERM SHEET
## RESTRUCTURING OF CREEKSIDE ASSOCIATES, LTD.

### April 29, 2015

This term sheet outlines the terms and conditions pursuant to which Creekside JV Owner, LP will supprt a plan of reorganization of Creekside Associates, Ltd. under chapter 11 of the United States Bankruptcy Code.

**This Term Sheet for Plan Support is not the Solicitation of the Acceptance of a Plan.**

1. The Debtor will promptly, and in a manner consistent with the requirements of paragraph 3 hereof and of operative law and rules, file a plan of reorganization ("Plan") and disclosure statement (if required) ("Disclosure Statement") consistent with the terms of this term sheet on or before May 15, 2015, and will request hearings to approve the disclosure statement (if required), and to confirm the Plan ("Confirmation") and issue a final order thereon ("Confirmation Order") on the most expeditious schedule approved by the Court.

2. From and after the execution of this term sheet, the parties will act diligently to support the Plan, and to cause the Confirmation of the Plan and the occurrence of the effective date thereunder ("Effective Date") without delay, on the expedited schedule described in paragraph 1 above, and otherwise in accordance with this Term Sheet.

3. The Plan and Confirmation Order will provide that the Effective Date will occur no later than ninety (90) days following Confirmation.

4. The Plan will provide that, on the Effective Date, in consideration and full satisfaction of the secured claim ("Lender Secured Claim") of Creekside JV Owner, LP (the "Senior Secured Lenders") and of the deficiency claims, if any, of the Senior Secured Lenders, the Debtor will either (a) pay to the holders of the Lender Secured Claim, or their nominee, the sum of $70,500,000.00, in cash, or (b) transfer to the holders of the Lender Secured Claim, or their nominee, all of the Debtor's right, title and interest in (i) real property, (ii) leases or tenancies in real property, (iii) assumed executory contracts or unexpired leases, (iv) fixtures, (v) equipment, and (vi) rents and accounts receivable arising from the ordinary operation of the real property (and excluding the Kerridge receivable and any other loans payable to the Debtor). If the the real property is conveyed to the Senior Secured Lenders on the Effective Date, then the Senior Secured Lenders shall assume on the Effective Date unpaid post-petition payables arising from the ordinary operation of the real property that have accrued within 30 days prior to the Effective Date, *provided however* that prior to the Effective Date the Debtor shall continue to pay all post-petition payables in the ordinary course of business, in a manner, at such time, and on such terms consistent with its treatment of such

118160063_1

      payables after commencement of the Debtor's chapter 11 case. If the real property is conveyed to the Senior Secured Lenders on the Effective Date, then the parties shall pro-rate all property and school taxes and insurance expenses (if applicable) based on the actual respective number of days of ownership by each of the Debtor and the Senior Secured Lenders during the relevant property and school tax years. In the event that the holders of the Lender Secured Claim receive treatment under the Plan described in (b) above, the transfer will be exempt from state and local transfer taxes pursuant to 11 U.S.C. § 1146.

5. In the event of the existence of any allowed secured claim in the chapter 11 case other than that of the Senior Secured Lenders, the Plan will provide that upon the Effective Date, each such claim will be unimpaired.

6. The Plan will provide that holders of allowed priority and general unsecured claims will receive payment of their allowed claims in full, in cash, on the later to occur of (a) the Effective Date, or (b) on or before ten (10) days after the date of allowance of the claim by a final order, if the same is disputed as of the Effective Date.

7. The Plan will provide that the allowed claim of the Bucks County Water & Sewer Authority will be paid in full, in cash, on the later to occur of (a) the Effective Date, or (b) on or before ten (10) days after the date of the allowance of its claim by a final order, if the disputes regarding the claim have not been resolved prior to the Effective Date.

8. The Plan will provide that holders of allowed administrative expense claims will receive payment of their claims in full, in cash, on the later to occur of (a) the Effective Date, or (b) on or before ten (10) days after the date of the allowance of their claim by a final order, if the same is disputed as of the Effective Date.

9. The Plan will provide that holders of allowed equity interests ("Allowed Interests") in the Debtor will retain their interests and will be unimpaired.

10. On the Effective Date, the Debtor, Israel Feit ("Feit"), and their affiliates, on the one hand, and the Senior Secured Lenders, on the other, will exchange comprehensive releases.

11. If the real property is transferred to the the holders of the Lender Secured Claim pursuant to paragraph 4(b), then the Plan will provide that the Debtor will assume substantially all of its executory contracts and unexpired leases (collectively, the "Assumed Leases"), provided that the Debtor will reject all executory contracts and unexpired leases to which Feit, any entity he controls, any affiliate of Feit, or any person related to Feit is a party. In the event the real property is transferred to the holders of the Lender Secured Claim under section 4(b) above, then, on the Effective Date, Debtor will assign all of the Assumed Leases to the holders of the Lender Secured Claim.

12. Prior to the Effective Date, the parties will continue to observe all of the terms and conditions of the Second Interim Agreed Order Approving Use of Cash Collateral Pursuant to 11 U.S.C. §363, filed with the Bankruptcy Court on April 27, 2015 and

118160063_1

anticipated to be entered by the Bankruptcy Court on April 29, 2015 (the "Second Interim Cash Collateral Order"), including, without limitation, by paying adequate protection payments to the Senior Secured Lenders. Adequate protection payments made to the Senior Secured Lenders during this chapter 11 case will not reduce or be a credit against any of the consideration due to the Senior Secured Lenders pursuant to paragraph 4 hereof, nor otherwise affect the treatment specified in paragraph 4. The parties agree to continue the existing cash collateral arrangement through the Effective Date of the Plan by proposing periodic further interim consent orders similar in all material respects to the Second Interim Cash Collateral Order. For the avoidance of doubt, notwithstanding the expiration of the term of any cash collateral arrangement or the occurrence of the Effective Date, the Senior Secured Lenders will be entititled to be paid, and the Debtor shall cause to be paid, all reasonable fees and expenses accrued, unpaid and reimbursable under the Second Interim Cash Collatearl Order or any subsequent Order through and including the Effective Date, and the Debtor will establish appropriate reserves to ensure that the professional fees and expenses of the Debtor and the Senior Secured Lender will be paid.

13. Holders of the Lender Secured Claim will vote in favor of the Plan and otherwise act to accomplish the expeditious confirmation of the Plan, issuance of the Confirmation Order, and occurrence of the Effective Date.

14. The Senior Secured Lenders will request a stay of their guaranty action against Feit, currently pending in the courts of the Commonwealth of Pennsylvania, with such stay to remain in place so long as the Debtor and Feit perform their obligations hereunder. Upon the occurrence of the Effective Date of the Plan, all litigation claims between the parties, including any and all claims pending in courts of the Commonwealth of Pennsylvania, will be marked "settled, discontinued and ended".

15. The Senior Secured Lenders will seek to continue the hearing on their motion to dismiss this chapter 11 case as permitted by the Court, for so long as the Debtor and Feit remain in general compliance with the terms of this Term Sheet. The motion to dismiss shall be deemed withdrawn with prejudice upon the occurrence of the Effective Date of the Plan.

IN WITNESS WHEREOF, the parties hereto, each acting under due and proper authority, have executed this Term Sheet as of the date first written above.

| CREEKSIDE ASSOCIATES, LTD. | CREEKSIDE JV OWNER, L.P. |
|---|---|
| By: _____ | By: _____ |
| Name: ISRAEL FEIT | Name: |
| Title: PRESIDENT | Title: |

118160063_1

IN WITNESS WHEREOF, the parties hereto, each acting under due and proper authority, have executed this Term Sheet as of the date first written above.

CREEKSIDE ASSOCIATES, LTD.        CREEKSIDE JV OWNER, L.P.

By: _____        By: _____
    Name:                             Name: Avram Friedman
    Title:                            Title: Managing Principal

118159366_2